IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEFFREY SISKIND, | * |
| *Plaintiff*, | * |
| v. | * Case No. SAG-10-CV-1011 |
| JEREMY FRIEDBERG, *et al.*, | * |
| *Defendants*. | * |

## MEMORANDUM

This matter is before the Court by the parties' consent. [ECF Nos. 67, 69.] Now pending is a motion for summary judgment filed by Defendants Jeremy Friedberg and Leitess, Leitess, Friedberg & Fedder, P.C. (collectively, "Defendants"), [ECF No. 72], and a motion for summary judgment as to liability filed by Plaintiff Jeffrey Siskind ("Siskind"). [ECF No. 73.] The issues in this case have been fully briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons set forth below, both motions will be denied.

I.   **Factual Background**

Siskind, who lives in Florida, is a lawyer licensed in multiple jurisdictions. [Compl. ¶ 1.] Leitess Leitess Friedberg & Fedder, PC, is a law firm with its main office in Maryland. [*Id.* ¶ 2.] Friedberg is one of the firm's lawyers. [*Id.*]

a.   **Siskind's Casino Del Caribe Deposition**

Sometime after 2002, Siskind's father filed for bankruptcy. [*See id.* ¶ 4.] One issue in the bankruptcy proceeding was a number of shares that Siskind owned in Casino Del Caribe, S.A., a casino located in the Dominican Republic. [*Id.* ¶ 5.] On behalf of a client named Stephen

1

Vincent, Defendants deposed Siskind (the "Casino Del Caribe deposition") in an effort to fight his share ownership. [*Id.* ¶ 7; ECF No. 8 at 3.]

After the Casino Del Caribe deposition, Vincent filed bar complaints against Siskind in Maryland, New Mexico, Florida, and the District of Columbia, alleging that Siskind had misrepresented facts while being deposed. [Compl. ¶ 8.] The New Mexico and Florida proceedings were summarily dismissed. [*Id.*] In Maryland, the Attorney Grievance Commission investigated Siskind and ultimately exonerated him of all charges. [Pl.'s Mem. in Supp. of Mot. for Summ. J. 2-3, 3 n.2.] The District of Columbia Office of Bar Counsel chose to monitor the Maryland proceedings and has taken no independent action. [Compl. ¶ 8.]

### b. Zokaites's La Mesa Racing Deposition

Defendants also represent Vincent in a related bankruptcy matter involving a business entity called La Mesa Racing, LLC. [Compl. ¶ 9; Jeffrey Siskind Dep. 22:16-19, April 20, 2011.] La Mesa Racing owns a racetrack located in New Mexico. [Compl. ¶ 9.] Vincent has a business interest in La Mesa Racing. [*See* Compl. ¶ 12.] Transamerican Comercial, Ltd. ("TCL"), an entity in which Siskind has an interest, filed an involuntary petition for bankruptcy relief against La Mesa Racing in July 2007. [Compl. ¶ 10; Defs.' Mem. in Supp. of Mot. for Summ. J. 7-9.] On October 12, 2009, either TCL or Siskind assigned a claim against La Mesa Racing to Frank Zokaites. [*Id.* ¶ 11; Siskind Dep. 23:2-24:18.] Zokaites is Siskind's client and has "several business relations and contracts" with Siskind. [Compl. ¶ 16.] On February 9, 2010, On Vincent's behalf, Defendants deposed Zokaites in connection with the La Mesa Racing bankruptcy. [*Id.* ¶ 15.] Zokaites's deposition took place in Baltimore, Maryland on February 9, 2010. [*Id.*] During a break in the deposition, Defendant Friedberg allegedly told Zokaites, "Siskind is being disbarred for lying in my [Casino Del Caribe] deposition." [*Id.* ¶ 17.]

Siskind alleges that this statement was false and "emphatically denies any ethical wrongdoing." [*Id.* ¶ 19-20.] As a result of Defendant Friedberg's statement, Siskind alleges that Zokaites has: (1) withheld legal work, causing a loss of legal fees; and (2) "curtailed" contractual relations with Siskind, leading to profit losses. [*Id.* ¶¶ 21, 33, 36.]

On April 23, 2010, Siskind sued Defendants for defamation and tortious interference with contractual relations. [ECF No. 1.] After a contentious discovery period, Defendants filed their motion for summary judgment on February 14, 2012. [ECF No. 72.] Siskind filed his motion for summary judgment as to liability just two days later, [ECF No. 73], and filed a supplemental memorandum in support of his motion on March 5, 2012. [ECF No. 76]. Defendants have opposed Siskind's motion for summary judgment as to liability. [ECF No. 75.] Siskind has likewise opposed Defendants' motion for summary judgment. [ECF No. 77.] Defendants have filed a response to Siskind's opposition. [ECF No. 80.]

II.     **Legal Standard**

A motion for summary judgment is granted under Rule 56 of the Federal Rules of Civil Procedure if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990). Summary judgment is precluded only when there are disputes over the facts that might affect the outcome of the proceedings under the applicable law. Factual disputes that are not relevant or not necessary will not be considered in a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of showing that there is not evidence to support the non-moving party's case, and the moving party must only show an absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In response, the non-moving party must show that there is a genuine issue for trial. A court must

decide whether there is a genuine issue for trial, "not . . . weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 242-43.

For defamation claims, the law of the state where the defamatory statement was published will govern. *See Yang v. Lee*, 163 F. Supp. 2d 554, 561 (D. Md. 2001). Because the allegedly defamatory statement was published in Maryland, Maryland law applies to Siskind's defamation claim. *See id.*; Compl. ¶¶ 15, 17.

For tortious interference with contractual relations claims, the law of the state where the "financial consequences of [the] defendants' tortious acts" were felt will apply. *In re Barton Min. Co.*, No. 06-625, 2008 WL 5114284, at *2 (Bankr. N.D. W. Va. Nov. 25, 2008) (citation and internal quotation marks omitted). Siskind alleges that he "lost legal fees and . . . profits in certain business relationships with Zokaites." [Compl. ¶ 36.] Because Siskind lives and works in Florida, he presumably felt those "financial consequences" there. *See In re Barton Min. Co.*, 2008 WL 5114284, at *2; [Compl. ¶ 1; ECF No. 13 ¶ 1.] Thus, Florida law will apply to Siskind's tortious interference claim.

### III. Defendants' Motion for Summary Judgment

Defendants argue that summary judgment is appropriate because, even if Defendant Friedberg made a defamatory statement that interfered with Siskind's and Zokaites's contractual relations, such a statement is protected by the absolute privilege extended to attorneys during judicial proceedings. This argument fails.

#### a. Defamation (Maryland Law)

In Maryland, an attorney's defamatory statement is absolutely privileged if it (1) occurs during a judicial proceeding, and (2) has "some reference or relation to the proceeding." The purpose of the privilege is to "determine the truth" and preserve "the proper administration of

justice." *Adams v. Peck*, 415 A.2d 292, 294 (1980). As Judge Quarles noted in his opinion denying Defendants' motion to dismiss, [ECF No. 14], Maryland has not addressed whether the absolute privilege applies to breaks in depositions. *See DiBlasio v. Kolodner*, 197 A.2d 245, 250 (1964) (applying absolute privilege to statements made during depositions). However, Maryland courts have made clear that absolute privilege does not apply when the "safeguards" inherent in a judicial proceeding are missing, such as when the proceeding is "not under oath," or a "complete record [is not being] kept." *Arroyo v. Rosen*, 645 A.2d 1074, 1079 (1994).

At this time, the Court has seen no evidence that would indicate whether Defendant Friedberg's allegedly defamatory statement occurred on the record or under oath, or whether any comparable "safeguards" were in place. These missing facts are essential to any factual determination that Defendant Friedberg's alleged statement is protected by absolute privilege. As a result, summary judgment for the Defendants is inappropriate as to the defamation claim.

### b. Tortious Interference with Contractual Relations (Florida Law)

Florida law, which governs Siskind's tortious interference claim, holds that "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior such as the alleged misconduct at issue, so long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994). Florida courts have applied this standard more broadly than have Maryland courts. In Florida, "statements made 'in connection with' or 'in the course of' an existing judicial proceeding are protected by absolute immunity, even if they are not necessarily made in court or under oath." *Ross v. Blank*, 958 So. 2d 437, 441 (Fla. Dist. Ct. App. 2007) (quoting *Fariello v. Gavin*, 873 So.2d 1243, 1244 (Fla. Dist. Ct. App. 2004)).

Defendants argue that Defendant Friedberg's alleged statement was related to the La Mesa Racing bankruptcy action and, therefore, is protected by absolute privilege. Defendants contend that Defendant Friedberg's statement bears on Siskind's character for trustworthiness and "served to inform Mr. Zokaites of such character." [Defs.' Mem. 10.] Zokaites must have relied on Siskind's character for trustworthiness when accepting the assignment of claim at issue in the La Mesa Racing bankruptcy matter, Defendants argue. [*Id.*] For that reason, Defendants assert that Defendant Friedberg's statement regarding Siskind's character for trustworthiness was sufficiently related to the judicial proceeding to qualify as absolutely privileged. [*Id.*]

Despite Defendants' arguments to the contrary, it is not at all clear whether Defendant Friedberg's statement was sufficiently related to the La Mesa Racing bankruptcy matter to be accorded absolute privilege. A genuine issue of material fact remains as to whether Zokaites relied on Siskind's trustworthiness when deciding whether to accept the assignment of a claim from a business entity in which Siskind has an interest. Furthermore, even if Defendant Friedberg's statement was related to the La Mesa Racing bankruptcy matter, it is not clear that absolute privilege applies to his statement under Florida law. Florida courts have not definitively addressed whether statements made during deposition breaks are privileged. *Compare DelMonico v. Traynor*, 50 So.3d 4, 7 (Fla. Dist. Ct. App. 2010) (statements made by an attorney during interviews with potential witnesses for a litigation proceeding were absolutely privileged because they had some relation to the proceeding), *and Stewart v. Sun Sentinel Co.*, 695 So. 2d 360, 362 (Fla. Dist. Ct. App. 1997) (statements written by an attorney in a statutorily-required notice of intent to file a lawsuit were absolutely privileged, even though the relevant lawsuit had not yet been filed and the attorney had shared the content of the notice with local news media), *with Sussman v. Damian*, 355 So.2d 809, 810-12 (Fla. Dist. Ct. App. 1977) (attorney's personal

attack on opposing counsel, made subsequent to a hearing and including accusations of "improprieties . . . unrelated to the subject matter of the lawsuit," was not absolutely privileged).

Summary judgment in favor of the Defendants is, therefore, unwarranted with respect to both the defamation claim and the tortious interference claim. For these reasons, Defendants' motion will be denied.

IV.   **Siskind's Motion for Summary Judgment**

Siskind argues that summary judgment as to liability should be granted in his favor for both his defamation claim and his claim of intentional interference with contractual relations. As with Defendants' motion, Siskind's motion for summary judgment fails.

To establish a prima facie case of defamation under Maryland law, a plaintiff must show "(1) that the defendant made a defamatory statement to a third person, (2) that the statement was false, (3) that the defendant was legally at fault in making the statement, and (4) that the plaintiff thereby suffered harm." *Indep. Newspapers, Inc. v. Brodie*, 966 A.2d 432, 448 (Md. 2009) (quoting *Offen v. Brenner*, 935 A.2d 719, 723-24 (Md. 2007)). Under Florida law, the following are the five elements of a claim for tortious interference with a contractual relationship: "(1) the existence of a contract; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the contract's breach; (4) absence of any justification or privilege; and (5) damages resulting from the breach." *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1321 (11th Cir. 1998) (quoting *Florida Tel. Corp. v. Essig*, 468 So.2d 543, 544 (Fla. Dist. Ct. App. 1985)).

The same factual predicate provides the basis for both of Siskind's claims. Siskind alleges that Defendant Friedberg told Zokaites, "Jeffrey Siskind is being disbarred for lying in my deposition." [Compl. ¶ 17; Pl.'s Mem. 1.] Siskind asserts that this statement was defamatory

and has caused a rift in his business relations with Zokaites. [Compl. ¶21, 25-26, 36-37.] However, the parties dispute whether Defendant Friedberg ever made this statement. Zokaites has testified that Defendant Friedberg told him, "[t]hat Jeffrey Siskind is being disbarred for lying in Mr. Friedberg's deposition." Zokaites Dep. 11:17-11:25, Dec. 9, 2011. Defendant Friedberg consistently denies ever having made such a statement. (Answer ¶ 17; Defs.' Opp. to Pl.'s Mot. for Summ. J. 3-4.) In fact, Defendant Friedberg has testified under oath that he never made the allegedly defamatory statement.

> Q: Do you remember ever making a statement to [Zokaites] that in any way involved [Siskind's] being disbarred as a result of lying in a deposition that [Siskind] had with [Friedberg]?
>
> A: No.
>
> . . .
>
> Q: You don't recall that statement?
>
> A: I never made that statement.
>
> Q: It's your position that you never made that statement?
>
> A: That is correct.
>
> . . .
>
> Q: Did you make any statement to Mr. Zokaites that included the word disbarment?
>
> A: No.
>
> Q: Did you make any statement to Mr. Zokaites that included the word discipline?
>
> A: No.
>
> . . .
>
> A: I believe what I said to Mr. Zokaites was are you aware that Bar Counsel is investigating Jeffrey Siskind.

Friedberg Dep. 53:20-54:11, 56:10-56:17, 57:16-57:18, Apr. 20, 2011.

Whether Defendant Friedberg made the alleged statement to Zokaites is a factual question that must be decided before judgment can be reached on either of Siskind's claims. Because the parties vigorously contest what Defendant Friedberg actually said, summary judgment is inappropriate.

V.  **Conclusion**

For the reasons set forth above, the Court DENIES Defendants' Motion for Summary Judgment, [ECF No. 72.] The Court also DENIES Plaintiff's Motion for Summary Judgment as to Liability, [ECF No. 73.] A separate order follows.

Dated: April 10, 2012

Stephanie A. Gallagher
United States Magistrate Judge